**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHEA MICHAEL HUGHES,<br><br>    Plaintiff,<br><br>    v.<br><br>CLEMENTE, et al.,<br><br>    Defendants. | No. 2:21-CV-0360-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Clemente, a Sergeant; (2) Thomas Ferrera, the Solano County Sheriff; (3) the Solano County Detention Facility; (4) Gavin Newsom, the Governor of the State of California; (5) the County of Solano; and (6) the State of California. See ECF No. 1, pgs. 1, 2, 3. Plaintiff alleges three claims for relief.

### Claim I

Plaintiff states that, throughout the process of his intake into county custody, he did not have warm or hot water in his sink. See id. at 4. He also states that his cell was "ice cold." Id. Plaintiff adds that there was no warm or hot water in the unit showers and that it was "ice cold" all the time. Id. Next, Plaintiff claims that he was in a "mod" of 30 individuals, which ignores the "50% capacity rule" and that there is no social distancing. Id. Plaintiff states he was not given an "indigent packet," which, according to Plaintiff, should have contained soap. Id. Plaintiff states that there is no hand sanitizer. See id. Plaintiff claims that inmates are put in cells with "random people off the street and Covid-19 testing is not mandatory at the jail." Id. Plaintiff alleges that the Solano County Sheriff, Defendant Ferrera, is "aware of issues, etc. . . ." Id. at 5.

Plaintiff alleges that, since December 16, 2020, he has submitted at least three grievances but that "every grievance was thrown away and not filed by correctional officers. . . ." Id. at 4. Plaintiff states that the "sergeant purposely threw away and reject grievances." Id. As to his grievances, Plaintiff states that the "sheriff" and Defendant Clemente reject valid grievances. Id. Plaintiff also alleges: "Please note: Solano County Jail has a practice of throwing vital grievances away." Id.

Claim II

In his second claim, Plaintiff alleges generally that inmates have an equal protection and due process right to be treated "as an equal to his fellow brothers, incarcerated or not." Id. at 6. According to Plaintiff, while he was in "quarantine," he and his cellmate put in medical requests "for Covid-19 symptoms," which went ignored by medical staff for six days. Id. Plaintiff claims the "facility commander" and the Sheriff, Defendant Ferrera, are responsible for training staff and implementing safe health and hygiene procedures. Plaintiff further alleges that Defendant Clemente, a jail sergeant, has been made aware of the problems outlined above. See id. at 7.

Claim III

Plaintiff begins his third claim by reciting various statistics related to the Covid-19 pandemic in the United States. See id. at 8. Plaintiff states that the Solano County Jail has been deliberately indifferent to his health needs for the "past 2 months." Id. He claims the current policies at the various Solano County jail facilities "are lacking oversight to effectively meet local public health and safety mandates." Id. Plaintiff alleges that the State of California and the Governor, Defendant Newsom, have ignored guidelines and "relaxed 50% capacity efforts." Id.

**II. DISCUSSION**

The Court finds that Plaintiff's complaint currently states at least one cognizable claim against Defendant County of Solano. Plaintiff's complaint otherwise suffers from a number of defects. The Court's findings are discussed in more detail below.

**A.   State Defendants**

Plaintiff names the Governor of the State of California, Gavin Newsom, as well as the State of California itself, as defendants to this action.

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't

3

of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

        1.     State of California

Under these principles, the State of California is immune from suit. By separate findings and recommendations issued herewith, the Court will recommend dismissal of the State of California as a defendant to this action.

        2.     Gavin Newsom

Gavin Newsom is also immune from suit to the extent Plaintiff may be seeking damages and has named Newsom in his official capacity. Neither is clear. Plaintiff does not state in which capacity he sues Defendant Newsom, and it is not clear whether Plaintiff seeks prospective declaratory or injunctive relief. Plaintiff will be provided an opportunity to amend his allegations as to the California governor.

    **B.**     **Municipal Entity Defendants**

Plaintiff names the following municipal entities as defendants: (1) "Solano County Detention Facility;" and (2) the County of Solano.

///

///

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

        1.        "Solano County Detention Facility"

Plaintiff names as a defendant "Solano County Detention Facility." An inmate grievance form attached to Plaintiff's complaint reflects that the Solano County Sheriff-Coroner's Office maintains three detention facilities – the Claybank Facility, the Fairfield Facility, and the Stanton Facility. See ECF No. 1, pg. 11. It appears based on this document and the Court's docket that Plaintiff is housed at the Stanton Facility. In any event, to the extent Plaintiff seeks to sue the jail in which he is housed, he does so by naming the County of Solano as a defendant.

        2.        County of Solano

As part of Claim I, Plaintiff alleges problems with handling of his inmate grievances. Specifically, Plaintiff claims that, since December 16, 2020, he has submitted at least three grievances, all of which have been "thrown away and not filed by correctional officers. . . ." ECF No. 1, pg. 4. Plaintiff adds: "Please note: Solano County Jail has a practice of throwing vital grievances away." Id. Given that the Solano County Jail and its Stanton Facility are under the jurisdiction of the County of Solano, the Court finds that this contention is sufficient to meet the requirement that Plaintiff allege a custom or policy of the municipality to state a claim. The

Court thus finds that Plaintiff potentially states a claim against the County of Solano based on interference with the grievance process, which can constitute a violation of Plaintiff's First Amendment rights of access to the courts.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  In this regard, however, Plaintiff has not alleged an actual injury, which is a jurisdictional requirement.  See Lewis v. Casey, 518 U.S. 343, 349 (1996).  Plaintiff will be provided an opportunity to amend.

In his third claim, Plaintiff alleges various facts related to the jail's handling of the Covid-19 pandemic.  In particular, Plaintiff states that the policies at the "Solano County Jail" are "lacking oversight to effectively meet local public health and safety mandates."  ECF No. 1, pg. 8.  The Court finds this allegation sufficient to state a claim against the County of Solano for municipal liability with respect to Covid-19.

Plaintiff does not otherwise state any potential claims against the County of Solano.

### C.    **Individual Defendants**

In addition to Gavin Newsom, discussed above, Plaintiff names two other individuals as defendants: (1) Clemente, a sergeant, presumably at the Stanton Facility; and (2) Ferrera, the Solano County Sheriff.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

### 1. Clemente

In Claim I, Plaintiff alleges that the "sergeant" purposely threw away his grievances. ECF No. 1, pg. 4. He also states that Clemente rejects valid grievances. See id. As with Plaintiff's claim related to grievances against the County of Solano, these allegations could conceivably state a claim against Defendant Clemente based on denial of access to the courts. Plaintiff has not, however, alleged an actual injury to support such a claim. Plaintiff will be provided an opportunity to amend.

///
///

In Claim II, Plaintiff contends that the "facility commander" and Sheriff Ferrera are responsible for training staff and implementing appropriate protocols to address the Covid-19 pandemic in the jail. ECF No. 1, pg. 6. Plaintiff further contends that Defendant Clemente has been made aware of problems related to handling of the Covid-19 pandemic in the jails. See id. at 7. To the extent "facility commander" indicates Defendant Clement, Plaintiff's allegations are insufficient. Here, Plaintiff's claim against Clement is based on a failure-to-train theory which, as indicated above, does not state a claim. Plaintiff will be provided an opportunity to amend his allegations as to the actual involvement, if any, of Defendant Clement in a claimed constitutional violation.

2. <u>Ferrera</u>

As stated above, Plaintiff in Claim II alleges that Defendant Ferrera is liable for failing to properly train staff regarding implementation of Covid-19 protocols in the Solano County jail facilities. Because Ferrera cannot be liable on a respondeat superior theory, this allegation is insufficient to state a claim. Plaintiff must allege the actual personal involvement of Defendant Ferrera. Plaintiff will be provided an opportunity to amend.

In Claim I, Plaintiff alleges that the "sheriff" rejects valid grievances. Construing Plaintiff's complaint liberally, the Court presumes "sheriff" refers to Defendant Ferrera, the Sheriff of Solano County. As discussed above, this claim is potentially sufficient to state an access-to-the-courts claim against Defendant Ferrera based on interference with the grievance process. Plaintiff has not, however, alleged an actual injury, which is a jurisdictional requirement. Plaintiff will be provided an opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: August 24, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE