IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEA MICHAEL HUGHES, | No. 2:21-CV-0360-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CLEMENTE, et al., | |
| Defendants. | |

Plaintiff, a former prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint. See ECF No. 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Screening applies only to "claims brought by individuals incarcerated at the time they file their complaints." Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). Here, Plaintiff was incarcerated at the time he filed his complaint.

The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

1

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff was released on April 3, 2022.  See ECF No. 19.  Because Plaintiff filed his first amended complaint while still incarcerated, the Court will review as required under 28 U.S.C. § 1915A(a).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as Defendants: (1) County of Solano; (2) Solano County Detention Facility/Solano County Jail; (3) Clemente, a correctional officer at Solano County Jail; and (4) Vonting II, a lieutenant at Solano County Jail. See ECF No. 16, pgs. 2-3.

Plaintiff states in Claim I that the water in the shower was "freezing ice cold" for the entire two-week time period he was housed at Solano County Jail. See id., pg. 4.  Plaintiff alleges the "cops at the downtown jail know[] it['s] freezing cold water in the showers. . . ." Id., pg. 4.  Plaintiff further alleges that he filed two grievances about the issue while at the downtown jail, but that he believes that they were thrown away and not filed. See id., pg. 4. After the first grievance attempt, Plaintiff filed a second grievance on the same issue, only for it to also get purportedly "thrown away and not filed." See id., pg. 5.  Plaintiff contends that an inmate will put the grievance in the "crack of our door for the correctional office to supposedly grab it and file it"; however, "sometimes we won't even be able to know what exact correctional officer is on so we can't dial it down to who is exactly throwing away our grievances." Id.   Plaintiff states that once he moved to the Stanton Correctional Jail Facility, his grievance was filed because of

different grievance collection procedures. See id. Plaintiff alleges Defendant Clemente and Defendant Vonting knowingly denied his grievance at the first and second levels "knowing full well they are not in county, state, and federal compliance." See id., pgs. 5-6.

In his second claim, Plaintiff alleges that during his stay at the downtown jail, he didn't receive soap in his indigent pack, which all new inmates are supposed to be provided. See id., pg. 7. Plaintiff also claims the Jail has "relaxed practices" regarding Covid-19. See id., pgs. 7-8. Plaintiff alleges that Covid-19 tests are not mandatory in the jail, Plaintiff was housed with another person "directly just off the streets who could of [sic] potentially had Covid-19" and that there is no screening of the inmates for such virus. Id., pgs. 7-8. Further, Plaintiff states that no masks or hand sanitizer are provided to the inmates, and no social distancing "of any kind" is followed, because Plaintiff has had a cellmate every single day. See id. pgs. 7-8. Plaintiff states everything in the general area are used without being "cleaned, washed, or wiped down by anyone with any cleaning agent." Id., pgs. 7-8. According to Plaintiff, he put in numerous medical requests to the medical department for "Covid-19 like" symptoms he was experiencing, which went ignored by medical staff for six days. Id., pgs. 7-8.

With respect to Plaintiff's allegations regarding Solano County jail's handling of the Covid-19 pandemic, the Court previously found Plaintiff's allegations sufficient to state a claim against the County of Solano for municipal liability and those findings will not be repeated here. See ECF No. 9, pg. 6. Plaintiff's complaint continues to otherwise suffer from a number of defects, as discussed below.

## II. DISCUSSION

### A. Eighth Amendment Claims for Cruel and Unusual Punishment

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

(1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "The Constitution 'does not mandate comfortable prisons.'" Farmer, 511 U.S. at 832. Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Extreme deprivations are required for a conditions of confinement claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., see id., at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

1. Shower Temperature Claim

With respect to Plaintiff's Claim I for shower water temperatures, Plaintiff fails to state a claim upon which relief can be granted. Excessively or prolonged unsanitary conditions in a prison have been found to be unconstitutional; however, Plaintiff's allegations do not demonstrate such facts. Generally, a short-term failure to provide hot water does not violate the Eight Amendment and only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. See Adcock v. Burton, No. 2:20-CV-0035 KJN P, 2020 WL 3073334, at *3 (E.D. Cal. June 10, 2020) (citing Lopez v. Robinson, 914 F.2d 486, 492 (4th Cir. 1990) (finding no clearly established, sufficiently contoured, right to hot showers in prison)).

/ / /

/ / /

Plaintiff alleges that he was denied hot water in showers while detained at Solano County Detention Center for two weeks. See ECF No. 16, pg. 4. Plaintiff has failed to allege cold showers for such a short duration constitutes an extreme deprivation denying the minimal civilized measure of life's necessities. While Plaintiff alleges the cold water caused "daily headaches" and he "got the flu," such statements are conclusory and speculative. ECF No. 16, pg. 7. Plaintiff's alleged deprivation, without more, is not sufficiently serious to satisfy the objective component of an Eighth Amendment claim. Plaintiff also fails to identify any individual who disregarded a substantial risk of harm to Plaintiff by purportedly failing to provide hot water. Plaintiff's general accusation that "the cops at the downtown jail know[]" of the claimed cold water temperature is vague, conclusory, and insufficient as he provides no facts indicating who knew what, or when. Thus, Plaintiff also fails to satisfy the subjective component.

As to the municipal Defendants, Plaintiff's complaint is also deficient. Plaintiff names the following municipal entities as defendants: (1) "Solano County Detention Facility;" and (2) the County of Solano. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other grounds by Bull v. City & Cty. of San Francisco, 595 F.3d 964 (9th Cir. 2010) (en banc). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id.

To assert municipal liability, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. Official policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or

practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). "[T]o be entitled to the presumption of truth," Plaintiff must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); See Canton, 489 U.S. at 385, 391-92; Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992)). Plaintiff must allege with particularity those acts which defendants engaged in that support plaintiff's claims. See Jones v. Cmty. Redv. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff makes no allegations regarding any municipal policy, custom, or practice that could support a municipal liability claim. Plaintiff makes vague and conclusory statements regarding the water temperature, but pleads no facts regarding any policy, custom, or practice that deprived Plaintiff of his constitutional rights. Plaintiff's general contentions are insufficient. Plaintiff must plead with specificity how: (1) Plaintiff's constitutional deprivation resulted from a particular policy, custom, or practice of the local government (2) that policy was based on the actual decisions and acts of its policymakers, and (3) those practices are persistent and widespread. At this time, Plaintiff's complaint fails to state a claim of municipal liability against County of Solano for Plaintiff's claims regarding the temperature of the shower water at the Solano County Jail. Plaintiff will be given an opportunity to amend.

As to the individual Defendants, Plaintiff's complaint also fails. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266,

268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff vaguely alleges that the "cops in the downtown jail know[] it[']s freezing cold water in the showers" and that Defendants Clemente and Vonting knowingly denied his grievance regarding the shower temperatures. ECF No. 1, pgs. 4-6, 7. Plaintiff has failed to allege specific facts as to how each named Defendant is involved as to each alleged wrongdoing, how the conditions complained of have resulted in a deprivation of his constitutional rights, or set forth some link or connection between each Defendant and the claimed deprivation. Indeed, Plaintiff alleges two correctional officers, not the named Defendants, are in charge of maintenance. See ECF No. 16, pg. 6. Plaintiff will be given an opportunity to amend.

2. Claims Regarding Indifference To Plaintiff's Medical Needs.

As to Plaintiff's second claim for indifference to medical needs, Plaintiff also fails to state a claim upon which relief can be granted. Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997); see also Doty v. Cty. of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to

1  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
2  1989).  Delay in providing medical treatment, or interference with medical treatment, may also
3  constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged,
4  however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin,
5  974 F.2d at 1060.

6       Plaintiff alleges that he was feeling "Covid-19 like" symptoms and requested
7  "numerous times" attention from the medical department, but was not seen until six days later.
8  See id., pg. 7.  Even taking the facts in the light most favorable to the Plaintiff, Plaintiff does not
9  allege that he was denied medical attention; instead, he alleges that medical attention was simply
10 delayed.  Where delay is alleged, Plaintiff must also demonstrate that the delay led to further
11 injury, which Plaintiff fails to allege here—he does not assert any facts that his symptoms of flu
12 got worse from any delay in being seen by the medical staff.  Thus, because Plaintiff has not
13 alleged any facts in which to infer that the delay in medical attention led to further injury,
14 Plaintiff has not stated a claim upon which relief can be granted regarding his claims for delay in
15 medical treatment under the Eighth Amendment.  Plaintiff will be given an opportunity to amend.

16       **B.     Access to Court Claims**

17       Prisoners have a First Amendment right of access to the courts.  See Lewis v.
18 Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on
19 other grounds by Lewis, 518 U.S. at 354; Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015);
20 Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), abrogated in part on other grounds by Shaw
21 v. Murphy, 532 U.S. 223 (2001).  Prison officials must "assist inmates in the preparation and
22 filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate
23 assistance from persons trained in the law."  Bounds, 430 U.S. at 828; Silva v. Di Vittorio, 658
24 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202,
25 1209 n.6 (9th Cir. 2015).  But the right does not require a particular methodology.  See Lewis,
26 518 U.S. at 356.  It guarantees the "capability of bringing contemplated challenges to sentences or
27 conditions of confinement before the courts."  Id.  The tools required are those that inmates need
28 to attack their sentences or challenge conditions of confinement.  See Lewis, 518 U.S. at 355;

Phillips, 477 F.3d at 655.  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Lewis, 518 U.S. at 355; see Phillips, 477 F.3d at 655.  The right is restricted to non-frivolous criminal appeals, civil rights actions under 42 U.S.C. § 1983, and habeas corpus petitions; it also applies to prison grievance proceedings.  Lewis, 518 U.S. at 353 n.3, 354-56; Bradley, 64 F.3d at 1279.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349; Madrid, 190 F.3d at 996; Nev. Dep't of Corrs. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).  An actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis, 518 U.S. at 349.

Like Claim I, Plaintiff makes no allegations regarding any municipal policy, custom, or practice that could support a municipal liability claim.  Plaintiff makes vague and conclusory statements regarding his inability to file grievances, but pleads no facts regarding any policy, custom, or practice that deprived Plaintiff of his constitutional rights.  Plaintiff must plead with specificity how: (1) Plaintiff's constitutional deprivation resulted from a particular policy, custom, or practice of the local government (2) that policy was based on the actual decisions and acts of its policymakers, and (3) those practices are persistent and widespread.  Plaintiff's general contentions are insufficient.  Plaintiff will be given an opportunity to amend.

Also as above, Plaintiff has failed to allege an actual connection or link between the actions of the named Defendants and the alleged deprivations.  Plaintiff alleges that he wrote two grievances about the water temperature when he was at the downtown jail, only for those grievances "to be thrown away in the trash and not filed"; however, once he moved to the Stanton Correctional Jail Facility, his grievance was filed because of different collection procedures.  ECF No. 16, pg. 4. Even more, Plaintiff states that he is unsure who is to blame because "sometimes we won't even be able to know what exact correctional officer is on so we can't dial it down to who is exactly throwing away our grievances."  Id., pg. 5.  Plaintiff's vague and conclusory statements are insufficient.  Moreover, Plaintiff has not alleged an actual injury because once he

was moved to the Stanton facility, his grievances "actually got filed" without delay.  Because Plaintiff has failed to link the named Defendants to any alleged deprivation and has suffered no injury, Plaintiff has failed to state a claim upon which relief can be granted based on an access to court claim.  Plaintiff will be provided an opportunity to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez, 203 F.3d at 1126, 1131.  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  An amended complaint must be complete in itself without reference to any prior pleading.  See Local Rule 220.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  December 29, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE